# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELOMAR, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>DARRELL KULOW,<br><br>    Defendant. | CASE NO. 09cv0353 BTM(PCL)<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant Darrell Kulow ("Defendant" or "Kulow") has filed a motion for judgment on the pleadings. For the reasons discussed below, Defendant's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Kelomar, Inc., commenced this action in the Superior Court of the State of California, County of Imperial. On February 24, 2009, Defendant removed the action to federal court.

During the 2007 Imperial Valley spring melon season, Plaintiff was a grower, packer, and shipper of organic cantaloupes and honeydews. (Compl. ¶ 5.) Prior to the 2007 melon harvest, Plaintiff entered into agreements with supermarket chains to sell organic cantaloupes and honeydews. (Compl. ¶ 6.) Under the agreements, Plaintiff was required to attach a label on each organic cantaloupe or honeydew that identified the melon as

organic and included the product look-up code ("PLU") number 94050 for cantaloupe and 94034 for honeydew. (Id.) These numbers corresponded to a higher price for the organic produce. (Id.)

Plaintiff alleges that in or around April or May 2007, it entered into an oral agreement with Hebberd-Kulow Enterprises, Inc. ("HKE"), pursuant to which HKE agreed to sell Plaintiff cartons, labels, and other harvesting and packing materials for conventional and organic melons. (Compl. ¶ 9.) With respect to the organic cantaloupes and organic honeydew, HKE agreed to provide labels containing the organic PLU codes. (Id.)

Plaintiff alleges that HKE delivered labels for the organic melons that were incorrectly printed with the PLU code numbers for non-organic cantaloupe and honeydew (i.e., the PLU code numbers were missing the first "9" digit). (Compl. ¶ 10.) Plaintiff did not realize that the labels were printed with the wrong PLU codes until informed by its customers. (Id.) At that point, the melons were already in the stores and being sold for conventional prices. (Id.)

Plaintiff alleges that its customers rejected the organic melons, resulting in melons being sold at lower prices or going bad. (Compl. ¶¶ 13-14.) Plaintiff also incurred costs in connection with the re-labeling and re-packing of some of its melons. (Compl. ¶ 15.) In addition, Plaintiff claims that it lost the supermarket chains as customers due to the mislabeling. (Compl. ¶ 16.)

According to the Complaint, Kulow was an officer, director, and employee of HKE. (Compl. ¶ 4.) Plaintiff alleges: "Defendant, in his capacity as an officer, director and employee of HKE, and either alone or with others, consented to, approved, and actively participated in the design, selection, manufacture, delivery, and supplying of the labels ordered by Kelomar. Based on his prior business experience, Defendant could foresee the harms to Kelomar, described below, that would be caused if HKE failed to provide Kelomar labels with the correct PLU code number." (Compl. ¶ 11.)

Plaintiff asserts a single claim of negligence against Kulow.

In 2007, HKE filed a lawsuit against Plaintiff in state court for its alleged failure to pay 33 invoices in the amount of $259,630.50 for agricultural-packing supplies. In 2008, Plaintiff

filed counterclaims against HKE for breach of contract, breach of warranty, strict liability, negligence, and negligent misrepresentation. (Pl.'s Ex. 3.) Plaintiff's claims against HKE arise out of the same facts that form the basis of this action. The state litigation is still pending.

## II. STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co, Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). All allegations of fact by the party opposing the motion are accepted as true, and construed in the light most favorable to that party. General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

## III. DISCUSSION

Kulow's primary argument in support of his motion is that Plaintiff's negligence claim fails because Plaintiff cannot convert a breach of contract claim into a negligence claim. The Court agrees with Kulow.

"A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." Aas v. Superior Court, 24 Cal. 4th 627, 643 (2000). Conduct constituting a breach of contract is deemed tortious only when it also violates a duty independent of the contract arising from principles of tort law. Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 515 (1994). Thus, the mere negligent breach of a contract is not sufficient to support a tort claim, even if it is foreseeable that the defendant would be damaged thereby. Erlich v. Menezes, 21 Cal. 4th 543, 552 (1999).

The California Supreme Court has held that outside the insurance context, a tortious

breach of contract may be found only in the following limited circumstances:

> (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion or; (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages.

Erlich, 21 Cal. 4th at 554 (quoting Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal. 4th 85, 105 (1995) (conc. and dis. opn. of Mosk, J.)).

In this case, Kulow's alleged duty to properly label the organic melons arose soley from the contractual relationship between HKE and Plaintiff. Absent the contract, Kulow, an officer or employee of HKE, would not be under any obligation to label the melons or to label them in any particular way. See Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Group, 143 Cal. App. 4th 1036, 1041 (2006) (explaining that the obligation of the defendant arose out of an implied contract and that "[t]he law imposes no duty on strangers to promptly process another's data that is comparable to the duty imposed on all persons to exercise due care to avoid injuring others"). Plaintiff's true claim is a breach of contract claim against HKE.

There are no special circumstances in this case that warrant tort recovery for the alleged breach of contract. HKE and Kulow's actions have not been shown to "violate a social policy that merits the imposition of tort remedies." Aas, 24 Cal. 4th at 643 (citation omitted). Plaintiff has not alleged any facts establishing that Kulow breached a duty *independent of the contract* by, for example, engaging in fraud or deceit.

In arguing that Kulow owed it a duty to properly label the melons, Plaintiff relies on the factors set forth in Biakanja v. Irving, 49 Cal. 2d 647, 650 (1958) and J'Aire Corp. v. Gregory, 24 Cal. 3d 799, 804 (1979). Plaintiff's reliance on these cases is misplaced. These cases deal with whether a contracting defendant owes a duty of care to *third-party beneficiaries* of the contract. Here, Plaintiff is a *contracting* party who alleges that it was owed a duty of care by the employee/officer of the other contracting party. "Invoking the Biakanja factors to create a tort duty in the absence of injury to a third party would circumvent [the] rule [that parties ordinarily cannot recover in tort for breach of a contractual obligation] and blur the law's distinction between contract and tort remedies." Stop Loss Ins. Brokers, Inc. v. Brown

1  & Toland Med. Group, 143 Cal. App. 4th 1036, 1043 (2006).
2      This case concerns an ordinary claim for breach of a business contract that resulted
3  in economic damages.  Nothing in the Complaint indicates that tort remedies are warranted.
4  Therefore, the Court grants Kulow's motion for judgment on the pleadings.

### IV. CONCLUSION

For the reasons discussed above, Defendant's motion for judgment on the pleadings is **GRANTED**.  The Clerk shall enter judgment in favor of Defendant and against Plaintiff on the Complaint.

**IT IS SO ORDERED.**

DATED:  November 12, 2009

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge